UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
_____

United States of America,                  Criminal No. 07-35 (RHK)
                                           Civil No. 16-1735 (RHK)
                 Plaintiff,
                                           **ORDER**
       v.

Carl Lee Richardson,

                 Defendant.
_____


       This matter is before the Court on Defendant's 2016 Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 58, 65). Defendant asserts this Court erred in sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e). The Motion will be denied.

**I.     PROCEDURAL BACKGROUND**

       In February 2007, a jury convicted Defendant Carl Richardson of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 9.) He was sentenced in May 2007 to 235 months' imprisonment. (Doc. No. 25.)

       Prior to sentencing, the Probation Office issued its presentence investigation report ("PSR") for Defendant. It found Defendant had been convicted of at least three violent felonies and qualified as an armed career criminal under 18 U.S.C. § 924(e), which carries a statutory minimum sentence of 15 years' imprisonment. In particular, it found Defendant was:

> (1) Charged and convicted in Illinois in 1996 of aggravated battery with great bodily harm. (PSR ¶ 21.)
>
> (2) Charged in 1997 in Illinois and convicted in 2000 of aggravated kidnaping. (PSR ¶ 24.)
>
> (3) Charged in 1997 in Illinois and convicted in 2000 of aggravated battery in a public place. The offense was charged in the same case as the kidnaping conviction. (PSR ¶ 24.)
>
> (4) Charged in 1999 in Illinois and convicted in 2000 of aggravated battery of a peace officer. (PSR ¶ 25.)

Defendant did not object to the facts or legal conclusions in the PSR. In particular, he did not dispute he had been convicted of four predicate felonies and qualified as an armed career criminal. (Doc. No. 21; 5/11/07 Sentencing Hr'g Tr. ("ST") 3-4.)

The Court adopted the PSR and sentenced Defendant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and under the armed career criminal provisions of the Sentencing Guidelines, U.S.S.G. 4B1.4(b)(3)(B). (PSR ¶¶ 18, 30.) Because the matter was not disputed, the Court did not make a further determination of the clause or clauses of the violent felony definition in the statute Defendant's predicate felonies qualified under.

Defendant appealed his conviction but not his sentence. The judgment was affirmed in August 2008. United States v. Richardson, 537 F.3d 951, 961 (8th Cir. 2008), cert. denied, 556 U.S. 1239 (2009).

In November 2009, Defendant filed his first motion under 28 U.S.C. § 2255. (Doc. Nos. 38, 41.) This Court denied the motion and no certificate of appealability was

issued. (Doc. No. 49; United States v. Richardson, No. 10-2692, Entry 3730388 (8th Cir. Dec. 2, 2010).)

In September 2015, Defendant filed a § 2255(h) motion with the Eighth Circuit requesting permission to file a second § 2255 motion with this Court. He attached to his § 2255(h) motion a copy of the proposed § 2255 motion he hoped to file. Richardson v. United States, No. 15-3188, Entry 4321752 (8th Cir. Sept. 30, 2015). The proposed motion was based on the Supreme Court's 2015 decision in Johnson v. United States, which held the "residual clause" of § 924(e)'s violent felony definition was unconstitutionally vague. 135 S. Ct. 2551 (2015). Defendant sought to challenge this Court's determinations that he was an armed career criminal under § 924(e) and an armed career criminal under the Guidelines.

The Eighth Circuit granted Defendant's motion with respect to the ACCA but denied it with respect to the Sentencing Guidelines. Richardson v. United States, 623 F. App'x 841, 842 (8th Cir. 2015). In February 2016, Defendant filed a pro se Sentencing Memorandum asserting he was entitled to relief under § 2255(a). (Doc. No. 58 at 6.) In May 2016, Defendant, through counsel, filed with this Court the original proposed § 2255 Motion he submitted to the Eighth Circuit with his § 2255(h) motion and filed a memorandum in support of the Motion. (Doc. No. 65.) The Court has received extensive briefing on the Motion from both parties. (Doc. No. 67-68, 72, 75-77.)

**II.    MEMORANDUM**

Defendant contends two of his predicate felonies do not qualify as violent felonies under the ACCA in the wake of Johnson, specifically his convictions for the 1997 and

3

1999 aggravated battery offenses. He concedes his convictions for the 1996 aggravated battery resulting in great bodily harm offense and the 1997 aggravated kidnaping offense still qualify as violent felonies under the "force clause" of the ACCA's violent felony definition. The Court finds Defendant's conviction for the 1999 aggravated battery of a peace officer offense also qualifies as a violent felony under the force clause. It therefore need not reach the question of whether the conviction for the 1997 aggravated battery in a public place offense also qualifies as a violent felony in light of <u>Johnson</u>.

In August 1999, Defendant was charged in Cook County, Illinois, by indictment with aggravated battery of a peace officer in violation of 720 Ill. Comp. Stat. 5/12-4(b)(6). (Doc. No. 76-2 at 2.) It alleged Defendant, while a prisoner in Cook County, "struck" a correctional officer "about the head" and "caused bodily harm." Defendant pled guilty to the charge on February 1, 2000, and was sentenced to 188 days' imprisonment. (Doc. No. 77-1 at 6.)

At the time of the offense, the Illinois aggravated battery of a peace officer statute provided:

> (b) In committing a battery, a person commits aggravated battery if he or she:
>
> (6) Knows the individual harmed to be a peace officer, a community policing volunteer, a correctional institution employee, or a fireman while such officer, volunteer, employee or fireman is engaged in the execution of any official duties . . . .

720 Ill. Comp. Stat. 5/12-4(b)(6) (effective July 29, 1999); see Doc. No. 67-2 at 2.[1] The underlying Illinois battery statute, at that time, provided:

>  (a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

720 Ill. Comp. Stat. 5/12-3(a) (1973); see Doc. No. 65-6 at 2 (App. E).

Defendant and the Government agree, and the Court finds, the aggravated battery of a peace officer statute is "overbroad" for purposes of the ACCA. That is, the statute criminalizes conduct that would qualify as a violent felony under § 924(e) and conduct that would not qualify. See United States v. Rodriguez-Gomez, 608 F.3d 969, 973-74 (7th Cir. 2010).

The Government maintains the statute is "divisible" and the Court may therefore apply the modified categorical approach "to identify which section of the statute supplied the basis for [Defendant's] conviction." United States v. Jordan, 812 F.3d 1183, 1186 (8th Cir. 2016). Defendant asserts the statute is not divisible, the modified categorical approach may not be applied, and the conviction for the 1999 aggravated battery of a peace officer offense therefore does not qualify as an ACCA predicate. The Court finds the statute is divisible and will apply the modified categorical approach.

The Supreme Court recently addressed this issue in Mathis v. United States, 136 S. Ct. 2243 (2016). Under Mathis, a statute is divisible if it sets forth alternative "elements" for the offense, rather than alternative "means" by which the offense may be committed.

---

[1] The Illinois aggravated battery statute was renumbered in 2011 as § 12-3.05.

Id. at 2249. If a jury is required to find unanimously that a crime involved one part of the statute or the other, the parts are "elements" and not "means." United States v. Headbird, 832 F.3d 844, 847 (8th Cir. 2016).

Defendant makes two arguments that the Illinois statute is not divisible. First, he asserts the "bodily harm" and the "provocative or insulting contact" prongs of the Illinois battery statute are "means" and not "elements." He acknowledges, however, "The two prongs of the battery statute are considered alternative elements of the offense." (Doc. No. 68 at 9 (quoting Jenkins v. Nelson, 157 F.3d 485, 497 (7th Cir. 1998)).) The Court finds, consistent with rulings from the Illinois Supreme Court and the Seventh Circuit Court of Appeals, that the "bodily harm" prong and the "provocative or insulting contact" prong are separate elements of the battery statute and therefore are separate elements of the aggravated battery of a peace officer statute. See People v. Abrams, 271 N.E.2d 37, 46 (Ill. 1971); Hill v. Werlinger, 695 F.3d 644, 649-50 (7th Cir. 2012); Ill. Pattern Jury Instr. – Criminal § 11.06.

Second, Defendant argues the "bodily harm" prong, by itself, is overbroad and not divisible. He relies on the Appellate Court of Illinois ruling in People v. McEvoy, 337 N.E.2d 437, 440 (Ill. App. Ct. 1975). Defendant argues the court in McEvoy found a defendant may be convicted under the "bodily harm" prong of the Illinois battery statute even though there was no "harm, injury, or pain." (Doc. No. 76 at 8.) Defendant misreads McEvoy, however. There, the defendant was charged under the "bodily harm" prong but convicted under the "provocative or insulting contact" prong. 337 N.E.2d at 440. In addition, the Seventh Circuit and several district courts have found the battery

6

statute is divisible, the "bodily harm" prong is not overbroad, and a defendant who is convicted of aggravated battery under the "bodily harm" prong of the underlying battery statute has committed a violent felony for purposes of § 924(e) or, under the Sentencing Guidelines, a crime of violence. See, e.g., Hill, 695 F.3d at 649 (7th Cir. 2012) (citing De Leon Castellanos v. Holder, 652 F.3d 762, 764 (7th Cir. 2011), United States v. Aviles-Solarzano, 623 F.3d 470, 474 (7th Cir. 2010), and United States v. Rodriguez-Gomez, 608 F.3d 969, 973-74 (7th Cir. 2010)). This Court agrees with the Seventh Circuit's interpretation of the Illinois statutes and holds a conviction under the Illinois aggravated battery of a peace officer statute based on the "bodily harm" prong of the underlying battery statute is a crime of violence under the "force clause" of § 924(e).

Since the aggravated battery of a peace officer statute is both overbroad and divisible, the Court applies the modified categorical approach to determine whether Defendant was convicted under the "bodily harm" prong of the statute. See United States v. Fogg, 2016 WL 4698954, at *3 (8th Cir. Sept. 8, 2016). Defendant recognizes he was charged under the "bodily harm" prong but speculates the charge may have been changed, prior to his guilty plea, to allege he committed the offense under the "insulting or provocative contact" prong. Defendant offers no evidence in support of this supposition, however, and has not met his burden of showing this Court erred in sentencing Defendant as an armed career offender. Even if the burden was on the Government to show the Court's sentence was not in error, the Government would have met that burden in this case by providing copies of the indictment and order of

7

commitment and sentence from the Cook County Clerk's Office.  (Doc. No. 77-1 at 6, 12.)

Defendant's conviction for the 1999 aggravated battery of a peace officer offense qualifies as a violent felony for purposes of the ACCA under the "force clause" of § 924(e).  Since Defendant has at least three convictions for violent felonies that are not affected by the ruling in Johnson voiding the residual clause, he was properly sentenced as an armed career criminal.  His § 2255 Motion is therefore denied.

## III. ORDER

Accordingly, and upon all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's 2016 Section 2255 Motion (Doc. Nos. 58, 65) is **DENIED** and the Court declines to issue a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-1735 (RHK).

Dated:  November 9, 2016

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge