**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                   Criminal No. 07-35 (DWF/AJB)

        Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                                **OPINION AND ORDER**

Carl Lee Richardson,

        Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Carl Lee Richardson's *pro se* motion to reduce sentence. (Doc. No. 86.) The United States of America opposes the motion. (Doc. No. 93.) For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

Richardson was convicted by a jury of being an armed career criminal in possession of a firearm on February 6, 2007. (Doc. Nos. 1, 9.) On May 11, 2007, Judge Richard H. Kyle sentenced Richardson to a 235-month prison term to be followed by a five-year term of supervised release. (Doc. No. 25.) While incarcerated, Richardson committed an assault, for which he was eventually sentenced by a district judge in the Western District of Wisconsin to 48 months' imprisonment to be served consecutive to his term in this case. (W.D. Wisc. Crim. No. 18-54, Doc. No. 51.) Richardson is currently incarcerated at FCI Phoenix with an anticipated release date of April 8, 2028.

*Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 28, 2026).

Richardson moves for a sentencing reduction based on his completion of numerous programs while incarcerated.  (Doc. No. 86.)  Additionally, he asks the Court to review his guideline range and how the Bureau of Prisons ("BOP") calculated his sentence.  (Doc. No. 87; Doc. No. 93-1 at 9.)[1]

## DISCUSSION

Courts have the power to modify a prison term only when granted that authority by statute.  18 U.S.C. § 3582(c).  Rehabilitation alone is not a reason for which a court may grant a sentence reduction.  *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021).  Prisoners typically seek to modify or otherwise vacate their sentence through motions to vacate under 28 U.S.C. § 2255 or motions under 18 U.S.C. § 3582(c).  Richardson has not shown that he is entitled to relief under either of those statutes.  As for his complaints about how the BOP calculated his sentence, the Court has no power to review the BOP's computation decision.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (finding that the Attorney General has the power to calculate prison sentences under 18 U.S.C. § 3585); 28 C.F.R. § 0.96 (2026) (delegating authority over the

---

[1]     It appears that Richardson initially sent the motion for the Western District of Wisconsin to this Court and the motion intended for this Court to the Western District of Wisconsin.  The Court considers all requests below in relation to his sentence in this case.  The Court has no power over his sentence from the Western District of Wisconsin.

commitment, control, and treatment of persons convicted of offenses against the United States to the BOP.)

In conclusion, Richardson has not provided a basis for the Court to revisit his sentence. Accordingly, the Court denies his motion. The Court commends Richardson for his efforts to rehabilitate himself while in prison. The Court is confident that if he continues down this path, he will live the life he wants to live upon his release.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Carl Lee Richardson's *pro se* motion to reduce sentence. (Doc. No. [86]) is respectfully **DENIED**.

Dated: May 29, 2026                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge

3